UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
RUIJIE LIU,

                Plaintiff,

     - against -                **MEMORANDUM & ORDER**
                                          23-CV-1132 (PKC)

MERRICK B. GARLAND, *et al.*,

                Defendants.

--------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Ruijie Liu ("Plaintiff") brings this *pro se* action against Defendants Merrick B.

Garland, Alejandro Mayorkas, and Ur M. Jaddou (collectively, "Defendants").  Defendants move

to dismiss this action, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5), for

insufficient service of process.  Alternatively, Defendants ask the Court to dismiss Plaintiff's

action as moot.  Finding merit in both arguments, the Court grants Defendants' motion and

dismisses Plaintiff's complaint in its entirety.

## BACKGROUND

      Plaintiff, a citizen of China, filed this action on February 9, 2023, requesting that this Court

compel United States Citizenship and Immigration Services ("USCIS") to adjudicate his Form I-

485 ("I-485"), Application to Register Permanent Residence or Adjust Status.  (*See generally*

Compl., Dkt. 1 ("Compl.").)  Plaintiff alleges that "[h]e is eligible to adjust his status . . . as a

Special Juvenile Immigrant (SIJ) [sic], granted by Kings Family Court of New York, as an

abandoned and abused minor, with an I-360 application approved by USCIS[.]"  (*Id.* at ECF[1] 1.)

Plaintiff further alleges that he "filed his I-485 to adjust his status . . . on or about September 7,

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing
system and not the document's internal pagination.

2018," but "his case remains pending and significantly behind [the] normal processing timeframe[.]" (*Id.* at ECF 2.)

On May 11, 2023, this Court ordered Defendants "to show cause as to how [they] intend[ed] to proceed in this case[.]" (5/11/2023 Docket Order.)  Subsequently, on May 31, 2023, Defendants submitted a letter stating that Plaintiff had not yet properly effected service and indicating that USCIS had "issued a Request for Evidence ('RFE') in connection with [Plaintiff's] application[.]" (Dkt. 7 at 1.)  The Court directed Defendants to file another status report after Plaintiff responded to the RFE.  (5/31/2023 Docket Order.)

On September 8, 2023, Defendants filed another status report and a request for a pre-motion conference ("PMC") for an anticipated motion to dismiss.  (Dkt. 9.)  The Court denied Defendants' PMC request as unnecessary and set a briefing schedule.  (9/19/2023 Docket Order.)  Defendants filed the instant motion on December 19, 2023.  (Dkt. 12.)  Defendants also requested that the Court treat the motion as fully briefed in light of Plaintiff's failure to serve an opposition, (Dkt. 14), which the Court granted on December 20, 2023, (12/20/2023 Docket Order.)

## DISCUSSION

### I.   Insufficient Service of Process

"For a federal court to exercise personal jurisdiction over a defendant, 'the plaintiff's service of process upon the defendant must have been procedurally proper.'"  *Westchase Residential Assets II, LLC v. Gupta*, No. 14-CV-1435 (ADS) (GRB), 2016 WL 3688437, at *2 (E.D.N.Y. July 7, 2016) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012)); *see also Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected.").  The proper procedural vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint is a motion to dismiss under Rule

12(b)(5). *Wilson v. Cuomo*, No. 21-CV-4815, 2022 WL 4644695, at *3 (E.D.N.Y. Aug. 28, 2022), *R. & R. adopted*, 2022 WL 4662825 (E.D.N.Y. Sept. 30, 2022).  Courts may consider "materials outside of the pleadings in determining whether service of process has been insufficient."  *Keller v. Star Nissan, Inc.*, No. 07-CV-4551 (ENV) (SMG), 2009 WL 4281038, at *4 (E.D.N.Y. Nov. 30, 2009).  "[T]he plaintiff bears the burden of proving adequate service."  *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 595 (E.D.N.Y. 2013) (quoting *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)).

"In deciding a Rule 12(b)(5) motion, a [c]ourt must look to Rule 4, which governs the content, issuance, and service of a summons."  *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010).  Under Rule 4, a plaintiff must serve the summons and complaint on a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m).  Moreover, where a plaintiff sues a federal agency or a United States officer or employee, he is required to send a copy of the summons and complaint by registered or certified mail to the agency, officer, or employee, *see* Fed. R. Civ. P. 4(i)(2), and to serve the United States by "deliver[ing] a copy of the complaint to the United States attorney for the district in which the action was brought and also send[ing] a copy of the summons and complaint by registered or certified mail to the Attorney General," *Evans v. U.S. Dep't of Educ.*, No. 21-1521-CV, 2022 WL 1073802, at *1 (2d Cir. Apr. 11, 2022) (alterations in original) (quoting *Kurzberg v. Ashcroft*, 619 F.3d 176, 178 (2d Cir. 2010)).  If a plaintiff fails to effect service on a defendant, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

Although Plaintiff initiated this action over a year ago on February 9, 2023, (*see* Compl.), Defendants state that Plaintiff has failed to serve the complaint and summons on the United States Attorney's Office for the Eastern District of New York (the "Office"), as required by Rule 4(i),

3

(*see* Defs.' Mem. Supp. Mot. to Dismiss, Dkt. 12-1 ("Defs.' Mot."), at 7).  On February 24, 2023, Plaintiff filed a certificate of service indicating service of process on Defendants but not on the Office.  (Dkt. 5 at ECF 3.)  Plaintiff's filing also included a cover sheet that states, "Courtesy Copy *to be* Mailed to/Served On" the Office, (*id.* at ECF 2 (emphasis added)), but there are no documents on the docket indicating that the Office was in fact served.  For its part, the Office represents that it has no record of being served to date, despite the fact that Defendants put Plaintiff on notice of the deficiency several times throughout the course of this litigation.  (Defs.' Mot. at 7; *see also* Dkts. 7, 9.)

The Court finds that Plaintiff has neither carried his burden of proving adequate service, nor shown good cause warranting an extension of time to serve.  *See Jordan*, 928 F. Supp. 2d at 595, 597.  To the contrary, Plaintiff has not responded to Defendants' motion at all.  Accordingly, the Court grants Defendants' motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process.  *See, e.g.*, *Gottfried v. U.S. Dep't of State*, No. 17-CV-5210 (AMD) (LB), 2018 WL 3742702, at *1 (E.D.N.Y. Apr. 16, 2018), *R. & R. adopted*, 2018 WL 3742680 (E.D.N.Y. May 1, 2018); *Diaspora v. Columbus Ale House, Inc.*, No. 22-CV-4677 (PKC) (MMH), 2024 WL 779057, at *3–5 (E.D.N.Y. Feb. 26, 2024).

## II.    Mootness

"For a federal court to have jurisdiction over a case, an actual controversy must exist." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018) (quoting *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996)).  A case becomes moot when the issues presented "are no longer live." *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005).  When a case becomes moot, "the court . . . loses jurisdiction over the suit, which therefore must be dismissed." *Id.* (quoting *Russman v. Bd. of Educ.*, 260 F.3d 114, 118–119 (2d Cir. 2001)).

4

Even assuming, *arguendo*, Plaintiff had properly served Defendants, the Court would be required to dismiss the complaint as moot.  "[A] claim that seeks to compel a federal official to act becomes moot when the official performs the act." *Sadiku v. Dep't of Homeland Sec.*, No. 20-CV-3241 (RPK), 2022 WL 173109, at *2 (E.D.N.Y. Jan. 18, 2022).  As a result, "district courts routinely dismiss as moot mandamus claims that seek to compel officials to process immigration-related claims" where the relevant petition or form has already been processed.  *Id.* (collecting cases); *see also, e.g.*, *id.* (dismissing mandamus action seeking to compel "USCIS to adjudicate [an] N-400 application" as moot where application had already been adjudicated); *Khanom v. Kerry*, 37 F. Supp. 3d 567, 574 (E.D.N.Y. 2014) (same where USCIS already provided "the relief sought by [p]laintiffs"); *Lihua Jiang v. Clinton,* No. 09-CV-4477 (NGG) (RML), 2011 WL 5983353, at *3 (E.D.N.Y. Nov. 28, 2011) (same where plaintiff sought a writ of mandamus "to order [d]efendants to perform duties they have already performed"); *Tu v. Mayorkas*, No. 23-CV-3137 (PKC), 2024 WL 2111551, at *2 (E.D.N.Y. May 10, 2024) (same where plaintiff sought to compel USCIS to adjudicate asylum application that had already been adjudicated).  Here, Plaintiff asks the Court to compel USCIS to adjudicate his I-485, (Compl. at ECF 2); however, Plaintiff's I-485 was adjudicated when it was denied by USCIS on October 19, 2023, (*see* Decl. of Jerome Johnson, Dkt. 12-2, ¶ 12; *see also* Dkt. 12-2 at ECF 12–14).[2]  Because Plaintiff's I-485 has already been adjudicated, this action is moot, and must be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Yu Mei Chen v. Nielsen*, 363 F. Supp. 3d 333, 340 (E.D.N.Y. 2019); *Ji Hye Song v. Sessions*, No. 17-CV-1682 (NGG), 2018 WL 5084823, at *2 (E.D.N.Y. Oct. 18, 2018).

---

[2] Because mootness relates to subject matter jurisdiction, the Court may consider materials extrinsic to the complaint.  *See Tu*, 2024 WL 2111551, at *2 (quoting *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2022)).

**CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion to dismiss, and this action is dismissed.  The Clerk of Court is respectfully requested to enter judgment and terminate this matter.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 11, 2024
        Brooklyn, New York